[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 553.]

SCHAEFER, APPELLANT, ET AL. *v*. ALLSTATE INSURANCE COMPANY, APPELLEE.

[Cite as *Schaefer v. Allstate Ins. Co.*, 1996-Ohio-368.]

*Insurance—Automobile liability—Each person covered by an uninsured motorist policy who is asserting a claim for loss of consortium has a separate claim subject to a separate per person policy limit—Provision in insurance policy which reaches a contrary result is unenforceable.*

Each person who is covered by an uninsured motorist policy and who is asserting a claim for loss of consortium has a separate claim subject to a separate per person policy limit. A provision in an insurance policy which reaches a contrary result is unenforceable. (*Tomlinson v. Skolnik* [1989], 44 Ohio St.3d 11, 540 N.E.2d 716, and *Dues v. Hodge* [1988], 36 Ohio St.3d 46, 521 N.E.2d 789, paragraph two of the syllabus, overruled.)

(No. 95-269—Submitted March 5, 1996—Decided September 4, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 94APE04-507.

————————

{¶ 1} On November 8, 1985, Jeanette Schaefer, plaintiff, and her husband, David Schaefer, plaintiff-appellant, were involved in an automobile collision with an uninsured motorist whose negligence was the sole proximate cause of the collision. At the time of the collision, the Schaefers carried uninsured motorist coverage with limits of $100,000 per person and $300,000 per occurrence with defendant-appellee, Allstate Insurance Company ("Allstate").

{¶ 2} Mr. and Mrs. Schaefer each filed claims for personal injury with Allstate, which were eventually submitted to arbitration. The award was vacated by the court of appeals and the cause was remanded for trial. This court affirmed. *Schaefer v. Allstate Ins. Co.* (1992), 63 Ohio St.3d 708, 590 N.E.2d 1242. At trial, Mr. Schaefer withdrew his personal injury claim and instead sought damages for

loss of consortium. The court instructed the jury that it could award Mrs. Schaefer up to $100,000 for her injuries as well as up to $100,000 to Mr. Schaefer for his loss of consortium claim. The jury awarded the Schaefers $100,000 each. Allstate filed a motion for judgment notwithstanding the verdict, arguing that the Schaefers together were entitled to recover no more than $100,000 based on the language contained in the insurance policy. The court denied the motion and Allstate appealed.

{¶ 3} Relying upon *Tomlinson v. Skolnik* (1989), 44 Ohio St.3d 11, 540 N.E.2d 716, the appellate court reversed the trial court and found that Mrs. Schaefer's claim for personal injuries and Mr. Schaefer's claim for loss of consortium were both subject to the single $100,000 per person limit.

{¶ 4} Just prior to this court's decision to accept jurisdiction, Allstate voluntarily paid Mrs. Schaefer the full amount of the single per person limit of coverage. This action prompted the plaintiffs to dismiss Mrs. Schaefer from the appeal.

{¶ 5} The cause is now before this court upon the allowance of a discretionary appeal.

_____

*McCarthy, Palmer, Volkema, Boyd & Thomas, Robert G. Palmer* and *Michael S. Miller,* for appellant.

*Lane, Alton & Horst* and *Rick E. Marsh,* for appellee.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 6} We are asked to decide whether Mrs. Schaefer's personal injury claim and Mr. Schaefer's loss of consortium claim share a single per person limit of uninsured motorist coverage, or whether they each have available to them a separate per person limit to provide compensation for their own claims. In answering this question, we must determine the validity, in light of recent case law, of an

automobile insurance policy provision which limits recovery for all causes of action arising out of bodily injuries sustained to one person to a single per person limit. For the following reasons, we find such a provision unenforceable. Accordingly, we find that Mr. Schaefer's claim for loss of consortium constitutes a separate compensable injury subject to its own per person limit. The judgment of the court of appeals is reversed.

{¶ 7} In construing provisions in an automobile insurance policy, we are mindful of the basic tenet that the purpose of uninsured motorist coverage and its mandatory offering is "to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated." *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 480, 639 N.E.2d 438, 440, citing *Abate v. Pioneer Mut. Cas. Co.* (1970), 22 Ohio St.2d 161, 165, 51 O.O.2d 229, 231, 258 N.E.2d 429, 432. Furthermore, since R.C. 3937.18(A)(1) is remedial legislation, it must be liberally construed in order to effectuate the legislative purpose. *Martin,* 70 Ohio St.3d at 480, 639 N.E.2d at 440, citing *Curran v. State Auto. Mut. Ins. Co.* (1971), 25 Ohio St.2d 33, 54 O.O.2d 166, 266 N.E.2d 566. An insurance policy provision will be deemed unenforceable if the provision is contrary to the statute and its purpose. *Martin* at 480, 639 N.E.2d at 440. With these principles in mind, we now turn to the insurance policy which Allstate provided to its insureds.

{¶ 8} The policy at issue contained the following pertinent provision, included within its Uninsured Motorists Insurance Coverage:

"Limits of Liability

"The coverage limit stated on the declarations page for:

"(1) 'each person' is the total limit for all damages *arising out of bodily injury to one person* in any one motor vehicle accident.

"(2) 'each accident' is the total limit for all damages arising out of bodily injury to two or more persons in any one motor vehicle accident." (Emphasis added.)

{¶ 9} Although this provision clearly states that Mr. Schaefer's claim for loss of consortium, arising from the bodily injuries sustained by his spouse, shares her single per person limit, nevertheless, Mr. Schaefer contends that he and his wife are not subject to a single $100,000 per person limit of liability. Instead, he believes that he should be compensated for his own separate claim and be awarded an additional $100,000 for his loss of consortium claim. He argues that such a result is dictated by our decision in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809.[1] He contends that since a wrongful death beneficiary has a separate claim subject to a separate per person limit, he, too, should be compensated for his own claim rather than be subject to his spouse's single per person limit of liability. Allstate, however, contends that there is no need to resort to *Savoie* as the cases of *Dues v. Hodge* (1988), 36 Ohio St.3d 46, 521 N.E.2d 789, and *Tomlinson v. Skolnik* (1989), 44 Ohio St.3d 11, 540 N.E.2d 716, directly support its position that the provision is valid.

{¶ 10} *Dues* and *Tomlinson* do indeed support Allstate's position. However, based upon our decision in *Savoie* and cases culminating in its decision, we need to revisit *Dues* and *Tomlinson* to determine whether they comport with the current law of our state.

{¶ 11} In *Dues*, we held that "[a]n insurance policy provision that limits recovery for all causes of action arising out of bodily injury to one person to a single limit of liability is a valid restriction of uninsured motorist coverage." *Id.* at

---

1. Mr. Schaefer also argues that the policy provision is invalid under *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, since it improperly reduces or eliminates uninsured motorist coverage for a claim arising from a recognized tort. However, it is unnecessary to address this argument as *Savoie* is dispositive of the issue presented in this case.

paragraph two of the syllabus. In so holding, however, *Dues* overruled *Auto-Owners Mut. Ins. Co. v. Lewis* (1984), 10 Ohio St.3d 156, 10 OBR 490, 462 N.E.2d 396, which had held that a separate per person limit of uninsured motorist coverage must be available to provide compensation both for the personal injury claim brought by a father on his son's behalf and for the father's own derivative claim for the loss of his son's services. In *Auto-Owners*, the court had reasoned that "[w]ere this not the rule, [an insured] could conceivably be in the position of having less coverage than he paid for, despite the fact that [the insured] has individual claims arising from" the accident which physically injured his son. *Id.*, 10 Ohio St.3d at 161, 10 OBR at 495, 462 N.E.2d at 401.

**{¶ 12}** As its rationale for overruling *Auto-Owners*, the court in *Dues* merely stated that "R.C. 3937.18(A)(1) does not indicate that it was intended to override reasonable limitations on the amount of coverage." *Dues,* 36 Ohio St.3d at 49, 521 N.E.2d at 793. However, such an interpretation disregards the rule that language in an insurance policy must be read strictly in favor of the insured and contravenes the public policy concern that uninsured motorist coverage is to protect motorists from the dangers of uninsured motorists.

**{¶ 13}** Applying *Dues, Tomlinson,* 44 Ohio St.3d 11, 540 N.E.2d 716, held that an insurer may, by appropriate language, limit all claims arising out of a single bodily injury to a single per person limit of coverage. *Id.* at paragraph one of the syllabus.

**{¶ 14}** However, since *Tomlinson* was announced, this court has declined to apply it to wrongful death claims. See *Cincinnati Ins. Co. v. Phillips* (1990), 52 Ohio St.3d 162, 556 N.E.2d 1150, where a sharply divided court considered the same language considered in *Tomlinson* in the context of liability limits in a tortfeasor's insurance policy and found that a wrongful death claim, another type of derivative action, could not be subject to a single person limit. Although the plurality decision distinguished *Tomlinson* on the basis that *Tomlinson* was a loss

of consortium case, it questioned its validity. *Id.* at 164, 556 N.E.2d at 1152. However, the concurring opinion asserted that the majority opinion should be read as overruling *Tomlinson*. *Id.* at 166, 556 N.E.2d at 1154, fn. 4 (H. Brown, J., concurring).

{¶ 15} In an effort to bring stability, consistency, and clarity to the state of automobile insurance law in Ohio, this court decided *Savoie, supra*. In *Savoie*, we held that beneficiaries in a wrongful death action each are entitled to a separate per person limit of coverage under an uninsured motorist policy. *Id.,* 67 Ohio St.3d 500, 620 N.E.2d 809, paragraph one of the syllabus. In so finding, we recognized that R.C. 2125.02(A)(1) created separate rights to recovery. *Id.* at 504, 620 N.E.2d at 812. However, we believe that the logic of the decision in *Savoie* should now be applied to loss of consortium claims in personal injury cases.[2]

{¶ 16} Ohio common law recognizes that when one spouse is injured, the other spouse is also damaged and may assert his or her own cause of action against the tortfeasor for those damages--*i.e.,* a claim for loss of consortium. *Clouston v. Remlinger Oldsmobile Cadillac, Inc.* (1970), 22 Ohio St.2d 65, 74, 51 O.O.2d 96, 101-102, 258 N.E.2d 230, 235. "Consortium consists of society, services, sexual relations and conjugal affection which includes companionship, comfort, love and solace." *Id.*, paragraph three of the syllabus. Even though a loss of consortium claim is derivative in that it is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury, *Bowen v. Kil-Kare, Inc.* (1992), 63 Ohio St.3d 84, 93, 585 N.E.2d 384, 392, it is nonetheless legally separate and independent from the claim of the spouse who suffered the bodily injury. *Id.*

---

2. See, also, *Cole v. Holland* (1996), 76 Ohio St.3d 220, 667 N.E.2d 353, which applies paragraph three of the syllabus of *Savoie* to hold that in a personal injury case, an insurer's setoff applies against the insured's damages, not against the policy limit of uninsurance/underinsurance coverage. Thus, *Cole* also expands the logic announced in *Savoie* to cases involving nonfatal injuries.

**{¶ 17}** The fact that loss of consortium is a creation of the common law does not meaningfully differentiate spouses bringing those actions from spouses who are beneficiaries under the wrongful death statute. It is the separate injury which parties to both kinds of claims suffer that entitle them to separate per person limits. Thus, we see no valid reason to distinguish between wrongful death claims and loss of consortium claims in personal injury cases. Therefore, we hold that each person who is covered by an uninsured motorist policy and who is asserting a claim for loss of consortium has a separate claim subject to a separate per person policy limit. A provision in an insurance policy which reaches a contrary result is unenforceable. Because *Tomlinson* and paragraph two of the syllabus of *Dues* do not comport with the law of this state, we now expressly overrule them and return the law to where it was before those cases overruled *Lewis*.

**{¶ 18}** Applying our holding to the facts of this case, we find that Mr. Schaefer's claim for loss of consortium is subject to its own per person limit of liability. Thus, the jury award to Mr. Schaefer in the amount of $100,000 is reinstated. The court of appeals' decision overturning this verdict is reversed.

*Judgment reversed.*

DOUGLAS, RESNICK and PFEIFER, JJ., concur.

DOUGLAS, J., concurs separately.

MOYER, C.J., and COOK, J., separately dissent.

HILDEBRANDT, J., dissents.

LEE H. HILDEBRANDT, JR., J., of the First Appellate district, sitting for WRIGHT, J.

_____

**DOUGLAS, J., concurring.**

**{¶ 19}** I concur with the majority. I write separately to respond, in part, to the dissent of Justice Cook. That dissent says that the majority "depart[s] from the

sound reasoning contained in *Dues* and *Tomlinson*." I respectfully submit that the majority is doing no more than returning the law to where it was before *Dues* and *Tomlinson* were decided. The change in the law was brought about by intervening elections which placed new justices on this court. If the often-quoted (when convenient) rule of *stare decisis* had been followed, then the law in the case now before us would have remained as it was pre-*Dues* and *Tomlinson*.

{¶ 20} The statute in question, R.C. 3937.18(A)(1), provides that insurance policies issued in this state must include uninsured motorist coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury * * * suffered by any person insured under the policy." In this case, we know (1) that the policy in question contains an uninsured motorist provision; (2) that Mr. Schaefer is an insured under that policy; and (3) that he is legally entitled to recover damages for his loss of consortium claim (*his* damages) from the uninsured motorist tortfeasor. These are the only qualifications. The statute does *not* say that by policy language, these rights of an insured may be limited or compromised.

{¶ 21} In *Sexton v. State Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St.2d 431, 23 O.O.3d 385, 433 N.E.2d 555, a father had a derivative claim arising out of the death of his seventeen-year-old daughter, who was killed as a result of an automobile accident caused by an uninsured driver. In a four-to-three vote, this court held that the father had a separate claim under his own insurance policy even though the daughter was not an insured under the terms of the father's policy. This court did so in interpreting R.C. 3937.18.

{¶ 22} Two years later, in 1984, this court decided *Auto-Owners Mut. Ins. Co. v. Lewis* (1984), 10 Ohio St.3d 156, 10 OBR 490, 462 N.E.2d 396. Between the decision in *Sexton* in February 1982 and the decision in *Lewis* in April 1984, the election of November 1982 took place. In that election one of the dissenting votes in *Sexton* was replaced by a new justice, who then voted with the majority in

8

*Lewis*.  In *Lewis*, this court held in paragraph two of the syllabus, unambiguously and unequivocally, that "[w]here separate and independent causes of action arise from injuries caused by an uninsured motorist and such injuries are covered by the uninsured motorist provision of an automobile insurance policy, the policy limits applicable to uninsured motorist coverage will be available to *each* cause of action." (Emphasis added.)  The vote was five to two, with the two dissenters being two of the three dissenters in *Sexton*, continuing their dissent.

**{¶ 23}** Then, in April 1988, this court decided *Dues v. Hodge* (1988), 36 Ohio St.3d 46, 521 N.E.2d 789.  Between the 1984 decision in *Lewis* and the 1988 decision in *Dues*, two more elections (November 1984 and November 1986) took place.  At the 1984 election, two new justices joined the court.  The two justices in dissent in *Lewis* remained on the court.  At the 1986 election, two more new justices were elected, replacing two of the justices who were in the majority in *Lewis*. Combined, these two elections (1984 and 1986) brought about a new majority deciding the issue that is, once again, before us.  Thus, in April 1988, in *Dues*, a majority of this court overruled paragraph two of the syllabus in *Lewis* (although not doing so in the syllabus of *Dues*) and held in paragraph two of the syllabus of *Dues* that "[a]n insurance policy provision that limits recovery for all causes of action arising out of bodily injury to one person to a single limit of liability is a valid restriction of uninsured motorist coverage."  This was, of course, completely opposite to the holding in *Lewis* (and arguably *Sexton*), case law that had been in effect only since 1984 (*Lewis*) and 1982 (*Sexton*).  The only intervening events effecting this change were two elections (1984 and 1986).

**{¶ 24}** Subsequently, in *Tomlinson v. Skolnik* (1989), 44 Ohio St.3d 11, 540 N.E.2d 716, with a visiting judge joining the majority to make four and one of the members of the *Dues* majority now joining the dissenters (albeit for a different reason), this court by a vote of four to three reaffirmed and followed paragraph two

of the syllabus of *Dues*. Thus, until today, the law of *Dues* and *Tomlinson,* which changed the law of *Lewis* (and *Sexton*), remained.

{¶ 25} Now, yet two more elections affecting this equation (November 1988 and November 1992) were held. Today, a new majority (which includes one of the justices dissenting in *Dues* and *Tomlinson*), returns the law to what it was (*Lewis*) before all of this started. Accordingly, I concur.

_____

**HILDEBRANDT, J., dissenting.**

{¶ 26} The majority in this case holds that "[e]ach person who is covered by an uninsured motorist policy and who is asserting a claim for loss of consortium has a separate claim subject to a separate per person policy limit" and that, therefore, "[a] provision in an insurance policy which reaches a contrary result is unenforceable." Accordingly, the majority opinion holds that the insurance contract limits in this case for "each person," as defined in the contract as "all damages arising out of bodily injury to one person in any one motor vehicle accident," are invalid. I cannot agree with these holdings.

{¶ 27} In *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, this court held that a wrongful death beneficiary has a separate damage claim subject to a separate per person limit. The majority now extends the holding in *Savoie* to this case where Mr. Schaefer's separate claim is based upon loss of consortium resulting from physical injuries suffered by his wife in an automobile accident.

{¶ 28} Subsequent to this court's decision in *Savoie*, the legislature amended R.C. 3937.18. Specifically, R.C. 3937.18(H) provides as follows:

"Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding

Chapter 2125 of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident."

{¶ 29} Section 10 of Am.Sub.S.B. No. 20 explains R.C. 3937.18(H) as follows:

"It is the intent of the General Assembly in enacting division (H) of section 3937.18 of the Revised Code to supersede the effect of the holding of the Ohio Supreme Court in its October 1, 1993 decision in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500 [620 N.E.2d 809], that declared unenforceable a policy limit that provided that all claims for damages resulting from bodily injury, including death, sustained by any one person in any one automobile accident would be consolidated under the limit of the policy applicable to bodily injury, including death, sustained by one person, and to declare such policy provisions enforceable." (145 Ohio Laws, Part I, 239.)

{¶ 30} Although this amended statute was not in effect at the time of the accident or at the time this case was filed, I find it instructive on how this case should be decided. Rather than extend *Savoie* to the facts of this case in contravention of amended R.C. 3937.18(H), I would reaffirm this court's holding in *Dues v. Hodge* (1988), 36 Ohio St.3d 46, 521 N.E.2d 789. I would, therefore, find the per person limit language in this policy a valid restriction of coverage. Because Mrs. Schaefer recovered the policy limits under this language for her bodily injuries, I would hold that Mr. Schaefer has no right to recovery for his claim for loss of consortium arising from his wife's physical injuries under this insurance policy.

11

**{¶ 31}** I, therefore, respectfully dissent.

———————————

**COOK, J., dissenting.**

**{¶ 32}** I respectfully dissent from the majority's opinion. Neither public policy considerations nor the *Savoie* case mandates the majority's conclusion that ignores the plain language set forth in this insurance contract. The *Dues* and *Tomlinson* cases were decided correctly and I would not limit or overrule them.

**{¶ 33}** This insurance contract limits "each person" coverage to "the total limit for all damages arising out of bodily injury to one person in any one motor vehicle accident." Together, our decisions in *Dues* and *Tomlinson* hold that a loss of consortium claim is a derivative action and is not a separate bodily injury claim, and, therefore, the policy language at issue here is a valid restriction of coverage. In *Dues v. Hodge* (1988), 36 Ohio St.3d 46, 49, 521 N.E.2d 789, 793, this court stated that "R.C. 3937.18(A)(1) does not indicate that it was intended to override reasonable limitations on the amount of coverage available for each accident."

**{¶ 34}** Rather than overruling *Dues* or *Tomlinson*, *Savoie* limited the application of the second paragraph of the *Dues* syllabus to "cases involving a single bodily injury which has not resulted in wrongful death." *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 509, 620 N.E.2d 809, 816. That is exactly the situation which now presents itself to this court.

**{¶ 35}** With all due respect, I am unpersuaded by the majority to join in its about-face from the sound reasoning contained in *Dues* and *Tomlinson*. Accordingly, I would affirm the judgment of the appellate court.

MOYER, C.J., concurs in the foregoing dissenting opinion.

———————————