OPINION AND JUDGMENT ENTRY
This is an appeal from two judgment entries of the Huron County Court of Common Pleas in which the court granted summary judgment to appellees, United Ohio Insurance Company ("appellants' insurer") and Progressive Insurance Company ("the tortfeasor's insurer") and denied summary judgment to appellants, Timothy Beagle, individually and as the parent and natural guardian of Jessica M. Beagle, a minor, and Dawn M. Beagle. Appellants have presented two assignments of error for consideration that are:
 "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT/APPELLEE UNITED OHIO INS. CO.
 "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT/APPELLEE PROGRESSIVE INS. CO."
When considering whether summary judgment was properly granted, this court is guided by the provisions of Civ.R. 56(C) which read, in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
Keeping that standard in mind, we now review the facts and procedure in this case and the arguments presented by the parties.
All parties are in agreement that there are no material facts in dispute. The record shows that on November 24, 1995 appellant Dawn Beagle and her minor daughter, Jessica Beagle were in a vehicle that was hit by another vehicle. The driver of the other vehicle ("tortfeasor") was at fault for the accident.
Appellants' daughter was seriously injured when she was thrown from the vehicle driven by her mother. Her medical bills soon totaled over $120,000.
Appellants filed suit in the Huron County Court of Common Pleas on January 24, 1997 against the tortfeasor, the manufacturer of the vehicle driven by appellant Dawn Beagle when the accident happened, and their own insurer, appellee United Ohio Insurance Company ("appellants' insurer"). Eventually, the manufacturer of the vehicle and the tortfeasor were voluntarily dismissed from the suit. Appellee Progressive Insurance, ("the tortfeasor's insurer") was substituted for the tortfeasor.
Appellants brought suit against the tortfeasor's insurer and their own insurer to settle a dispute over how much coverage the insurers owed to appellants. Both insurers agreed that appellants were entitled to coverage under the terms of their policies. However, both insurers cited portions of their policies to support their positions that their maximum liability to appellants was a single per person limit, rather than a per occurrence limit. Appellants argued that they were entitled to the higher, per occurrence limit in each policy.
Appellants and both insurers filed separate motions for summary judgment, arguing that their interpretation of the amount owed was the only correct one by law. The trial court granted summary judgment to the tortfeasor's insurer and to appellants' insurer, but denied summary judgment to appellants. Appellants filed this appeal.
In support of their first assignment of error, appellants argue that they have three separate claims, so their insurer is only entitled to make a set-off from per occurrence limits for payments they receive from the tortfeasor's insurer. Depending upon the amount the tortfeasor's insurer must pay, appellants argue their own insurer owes them from $75,000 to $87,500 for their underinsurance claims. Appellants conceded that R.C. 3937.18 "purports to allow policies to limit to a single, per person limit all claims arising from one person's bodily injury." However, appellants say, their insurer did not include language in their insurance policy that did limit their separate claims to a single per person limit.
Appellants then quote language from their insurer's policy and argue that the language does not "allow United Ohio to set off from its underinsured motorists per person limits an amount equal to the tortfeasor's per person liability limits to determine its maximum exposure for all of the claims presented by the three (3) Beagle family members." Appellants say the language is ambiguous, because it does not specify what limit means; per person limit or per occurrence limit. Therefore, they say, the policy must be construed strictly against the insurer.
Appellants also argue that because their insurer did not take advantage of the provisions found in R.C. 3937.18(H), a ruling from the Supreme Court of Ohio announced in 1996 still applies. The ruling to which appellants refer was:
 "Each person who is covered by an uninsured motorist policy and who is asserting a claim for loss of consortium has a separate claim subject to a separate per person policy limit." Schaefer v. Allstate Ins. Co. (1996), 76 Ohio St.3d 553, syllabus.
Appellants say their "separate claims for bodily injury, loss of consortium and medical expenses are each subject to a separate per person limit of uninsured motorists coverage." They conclude that this court should reverse the summary judgment granted to their insurer.
Appellants' insurer responds that it agrees the appellants are entitled to underinsurance coverage. According to appellants' insurer, the only dispute is which underinsurance coverage limit applies (per person or per occurrence) to decide the amount of money to which appellants are entitled for their "`single claim', as defined by R.C. 3937.18(H) and R.C. 3937.44, accruing from the bodily injuries sustained by appellant Jessica Beagle in the November 24, 1995 automobile accident."
Appellants' insurer says the tortfeasor had a policy with a separate insurer that set coverage limits of $12,500 per person and $25,000 per accident. In contrast, appellants had underinsurance coverage from their insurer that set coverage limits of $50,000 per person and $100,000 per accident. Appellants' insurer argues that the per person limits in both insurance policies apply in this case, and that the maximum amount it owes appellants is $37,500 ($50,000 minus $12,500).
Appellants' insurer says that R.C. 3937.18(H) and R.C.3937.44 "provide all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a `single claim'." Appellants' insurer then argues that all three claims presented by appellants stem from the bodily injuries suffered by Jessica, and are therefore combined into one claim to which the per person limit for underinsurance payments applies.
Because appellants and their insurer both agree that R.C. 3937.18(H) is applicable to this case, we begin by reviewing that provision. R.C. 3937.18(H) provides:
 "(H) Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section or selected in accordance with division (C) of this section and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident."
The dispute between appellants and their insurer is whether the language in their insurance policy actually triggered the provisions in the above quoted statute that would allow the insurer to limit appellants to recovering payment for a per person limit of $50,000.
The language from the policy that is cited by appellants' insurer as restricting appellants to a single per person limit for their three separate claims appears in the policy under the overall heading "PART C — UNINSURED MOTORISTS AND UNDERINSURED MOTORISTS COVERAGE". The provisions cited by appellants' insurer reads:
"INSURING AGREEMENT
 A. We will pay compensatory damages which an Insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle
because of bodily injury:
 1. Sustained by an Insured; and
2. Caused by an accident.
 The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. We will pay under this coverage only if 1. or 2.
below applies:
 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or
 2. A tentative settlement has been made between an insured and the insurer of an underinsured motor vehicle and we:
 a. have been given prompt written notice of such settlement; and
 b. advance payment to the Insured
in an amount equal to the tentative settlement within a reasonable time after receipt of notification.
 Any judgment for damages arising out of a suit brought without our written consent is not binding on us.
"* * *
 "D. Underinsured motor vehicle means a land motor vehicle or trailer of any type for which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident are less than the limit of liability for Underinsured Motorists Coverage shown in the Declarations.
"* * *
"LIMIT OF LIABILITY
 "The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:
 1. Insureds;
2. Claims made;
 3. Vehicles or premiums shown in the Declarations; or
 4. Vehicles involved in the accident.
 "Any amounts otherwise payable for damages under this coverage shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A of this policy.
 "Any payment under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A of this policy.
 "No one will be entitled to receive duplicate payments for the same elements of loss for any amounts paid, because of bodily injury, by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A of this policy." (Emphasis sic).
Appellants argue that the provisions cited by their insurer are ambiguous at best. They say: "There is simply an utter absence of any language in the Beagles' United Ohio policy that would allow United Ohio to set off from its underinsured motorists per person limits an amount equal to the tortfeasor'sper person liability limits to determine its maximum exposure for all of the claims presented by the three (3) Beagle family members. In addition, even the most astute reader of this policy is left with the lingering question, `To which `limit' does this language refer?'"
Appellants' insurer responds by citing to a decision from the Supreme Court of Ohio in which the court acknowledged that insurers often use language to restrict all claimants who suffer consequential damages arising from a single individual's bodily injury to a single per person limit. Burris v. Grange Mut.Cos. (1989), 46 Ohio St.3d 84, 90. Appellants' insurer acknowledges that the Supreme Court later overruled the Burris
case when it decided Savoie v. Grange Mut. Ins. Co. (1993),67 Ohio St.3d 500, but argues that the reasoning in Burris must now be followed because the Ohio legislature changed statutory law to "overrule" the Supreme Court's decision in Savoie. Appellants' insurer then argues: "Since Jessica Beagle is the only appellant to sustain bodily injuries in the subject accident, the per person limit applies. The number of persons sustaining consequential damages is irrelevant for the purpose of determining the amount of coverage available."
This court recently noted that:
 "[in] all cases in which insurance coverage is provided by policy, the scope of coverage is determined by a reasonable construction of the language of the insurance contract, as gathered from its ordinary and commonly understood meaning, to determine the intention of the parties. King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 211.
 "However, `where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured.' Id. at syllabus." Nationwide Mutl. Ins. Co. v. Taco Bell Corp.
(Sept. 4, 1998), Ottawa App. No. OT-98-013, unreported.
Applying these guidelines, we agree with appellants that the policy language in this case is ambiguous at best. A reasonable interpretation of the statement that the limit of liability "is our maximum limit of liability for all damages resulting from any one accident" would be that the limit applied per occurrence, rather than to a per person claim. Because the language in the policy is ambiguous, it must be construed in favor of appellants. The trial court erred when it granted appellants' insurer summary judgment after ruling that appellants could only collect payment for one per person limit for underinsurance, less the per person limit of the tortfeasor's insurance coverage.
Furthermore, because there are no genuine issues of material fact in dispute and when the facts are construed in a light most favorable to appellants' insurer reasonable minds can only conclude that appellants are entitled to summary judgment as a matter of law, we grant appellants summary judgment against their insurer and order their insurer to pay them the per occurrence coverage for their underinsurance claim. Appellants' first assignment of error is well-taken.
In support of their second assignment of error, appellants argue that the provision in the tortfeasor's insurance policy that attempts to limit recovery for all claims arising from one bodily injury to a per person limit is invalid because: "1) it does not specifically include a parent's claim for medical expenses of an injured minor child; and 2) the statute on which it is based, R.C. 3937.18(H) is unconstitutional." Appellants say they are entitled to separate per person limit claims up to the per occurrence limit of the tortfeasor's policy because the parents have separate claims for medical expenses that are not excluded by the tortfeasor's insurance policy language and their daughter has a claim for bodily injuries. Appellants say their medical claims are not included in the following policy language:
"Limits of Liability
 regardless of the number of insured cars, separate premiums paid, Insured persons, claims made, vehicles involved or lawsuits brought, we will pay up to the Limits of Liability shown on the Declarations Page, subject to the following:
 1. the limit for `each person' is the maximum we will pay for bodily injury sustained by any one person in any one accident, and only the limit for `each person' will apply to the aggregate of claims made for such bodily injury and any and all claims derived from such bodily injury including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death;
* * *."
Appellants also argue that even if the policy language is sufficient to trigger the provisions of R.C. 3937.18(H), that permit insurers to limit coverage to one per person claim for all claims arising out of one individual's bodily injury, the restriction is invalid because the statute is unconstitutional.
Appellants quote the provisions of R.C. 3937.44[1] and then say:
 "By implication then, those liability policies that do not include uninsured or underinsured motorists coverage may not include such terms and conditions. Therein lies a fundamental flaw with Senate Bill 20: creation of an unfortunate class of individuals whose various claims could be collectively subjected to a per person limit merely because the negligent motorist had the temerity to exercise his right to uninsured or underinsured motorists coverage. If the same tortfeasor had waived his right to such coverage, the liability provisions could not have limited his victims to a per person limit for all of their respective claims. These results deny equal protection to the majority of individuals injured by the negligence of a motorist who has UM/UIM coverage and is therefore unconstitutional and unenforceable in the instant case." (Emphasis sic.)
Appellants argue that they are entitled to the per occurrence limit from the tortfeasor's insurer, $25,000.
The tortfeasor's insurer responds that it followed Ohio law, found in R.C. 3937.44 that allows it "to limit all claims arising out of a bodily injury to the `each person' limit." The tortfeasor's insurer admits that it did not specifically name medical expenses in its policy provision that limits all claims arising from a bodily injury to the each person limit, but says the language it did use shows that all claims arising from a bodily injury are included, even those not specifically named. The tortfeasor's insurer says there is no ambiguity in its policy.
The tortfeasor's insurer also argues that R.C. 3937.44
and R.C. 3937.18(H) are constitutional. The tortfeasor's insurer acknowledges that appellants believe R.C. 3937.18(H) and R.C.3937.44 are incompatible because R.C. 3937.18(H) requires insurers to offer uninsured/underinsured coverage, and R.C. 3937.44 permits insurers to combine all claims from one bodily injury in policies where the insured elected to purchase uninsured/underinsured coverage, but by implication prevents the same limitation to a per person limit in policies where the insured elected not to purchase uninsured/underinsured coverage. The tortfeasor's insurer responds:
 "What Appellants overlook, however, is that Ohio Revised Code § 3937.18(H) has no applicability to the case at hand. That statute only requires an insurance company to offer uninsured/underinsured motorists coverage in a liability policy. That statute says what an insurance company may include and not include in that policy. Appellants argue then that the statute which requires the offering of uninsured and underinsured motorists coverage conflicts with the provisions of Ohio Revised Code § 3937.44, which deals directly with situations such as the issues in this case. The two statutes apply in different situations."
The tortfeasor's insurer concludes that this court should follow our earlier decision, Waite v. Progressive Ins. Co. (June 12, 1998), Huron App. No. H-97-036, unreported, in which we ruled that Senate Bill 20, which included the two statutes discussed by appellants in this assignment of error, was constitutional as it relates to the one subject rule, separation of powers, equal protection, and privileges and immunities.
We agree with the tortfeasor's insurer that the language included in its policy is sufficient to trigger the provisions in R.C. 3937.44 that permit a company to limit all claims arising from one person's bodily injury to a single per person liability limit. While the policy does not specifically list "medical expenses" in its list of claims that arise from a bodily injury, it does indicate the list is not exhaustive, but illustrative.
We also agree with the tortfeasor's insurer that the statutes in question are constitutional. The Supreme Court of Ohio has said: "Differences in treatment based on the individual contract between the insurer and the insured do not impinge upon a fundamental right or burden a suspect class. Moreover, a rational basis undeniably supports giving effect to the policy limits bargained for by the parties." Beagle v. Walden (1997), 78 Ohio St.3d 59,64-65. In this case, the differences in treatment stem from differences in underlying insurance contracts, so the reasoning of the Beagle court is applicable. Appellants' second assignment of error is not well-taken.
In summation, the trial court erred when it granted summary judgment to appellants' insurer, and that portion of its decision is reversed. However, the trial court did not err when it granted summary judgment to the tortfeasor's insurer after finding that the tortfeasor's insurer was only liable to pay one per person claim of $12,500. Appellants' insurer must pay the per occurrence limit of appellants' underinsurance coverage, minus the $12,500 that the tortfeasor's insurer must pay appellants.
The judgment of the Huron County Court of Common Pleas is reversed in part and affirmed in part. Appellants and appellants' insurer, United Ohio Insurance Company, are each ordered to pay one half of the court costs of this appeal.
JUDGMENT REVERSED, IN PART AND AFFIRMED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
James R. Sherck, J.
Richard W. Knepper, J.
CONCUR.
[1] R.C. 3937.44 provides:
 "Any liability policy of insurance including, but not limited to, automobile liability or motor vehicle liability insurance that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident."