I respectfully dissent.
The same week that this case was submitted to us at oral argument, the Supreme Court of Ohio decided Moore v. State Auto.Mut. Ins. Co. (2000), 88 Ohio St.3d 27. The syllabus for theMoore case reads:
 R.C. 3937.18(A)(1), as amended by Am.Sub.S.B. No. 20, does not permit an insurer to limit uninsured motorist coverage in such a way that an insured must suffer bodily injury, sickness, or disease in order to recover damages from the insurer.
I read the Moore case as clearly ruling that insurance policy limitations such as the provision in the Motorists Mutual Insurance Company policy before us are invalid under Ohio law. The Moore case cites Schaefer v. Allstate Ins. Co. (1996),76 Ohio St.3d 553, favorably for the principle that "[t]he purpose of uninsured motorist coverage is to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated."
As a result of the case law set forth in the Moore andSchaefer opinions, I believe that we should sustain the first assignment of error and reverse the judgment of the trial court. Since a majority of this panel does not, I respectfully dissent.