**Edward J. GREENWOOD; Naoka Greenwood, Plaintiffs–Appellants,**

v.

**DELPHI AUTOMOTIVE SYSTEM, INC., Defendant–Appellee.**

No. 03–3563.

United States Court of Appeals, Sixth Circuit.

June 28, 2004.

Thomas A. Hansen, Douple, Beyoglides, Leve, Hansen, Claypool & Kovich, Dayton, OH, for Plaintiffs–Appellants.

Robert S. Walker, Jones Day, Cleveland, OH, for Defendant–Appellee.

Before SILER and GIBBONS, Circuit Judges; and REEVES, District Judge.*

PER CURIAM.

Edward Greenwood appeals summary judgment for his employer, Delphi Automotive System (Delphi), on his Ohio state law sexual harassment claim. Particularly, Greenwood challenges the district court's determination that he lacked a sufficient evidentiary basis to prove Delphi failed to take appropriate action to remedy the hostile work environment created by his coworkers. We AFFIRM.

### Factual Background

Greenwood works in Delphi's central tool supply area, commonly referred to as "the crib." His coworkers Crystal Long and Terri Engleman made several sexual advances throughout the spring and summer of 1998. At this point, Greenwood either did not view the incidents as harassment, or indicated to his managers that he wanted to handle them himself.

In late August, Greenwood saw Engleman at a gas station with a man other than her husband. After Greenwood subsequently told Long and Engleman about this gas station episode, Long told Greenwood that Engleman believed he was stalking her (Engleman) and was considering calling the police.

---

* The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Greenwood immediately went to Mike Burton, his supervisor, and told Burton that he would not tolerate the threats and accusations. For the first time (in late August/early September), Greenwood requested that management put a stop to the harassment.

On Burton's advice, Greenwood reported the problem to Bill Riegle, another supervisor, and Steve Elam, his union representative. After their initial conversation, Riegle asked Greenwood every night about the situation. Engleman was making nightly trips to the crib, during which she and Long were boisterous and taunting; Greenwood overheard his name coupled with laughter, but nothing directly sexual transpired. Greenwood considered this harassment and would call his supervisors Burton or Riegle, who came to the crib to monitor the situation. After they arrived, the conduct would stop.

On November 10, 1998, Greenwood met with Gerald Seege, Delphi's human relations union representative. Seege held a meeting with Greenwood, Long, and Engleman on December 10, 1998. Greenwood aired his complaints about the spreading of rumors by Long and Engleman, and Engleman, Long, and Greenwood agreed to avoid each other. Greenwood does not complain of further sexual harassment after the meeting.

## Procedural Background

Greenwood sued in Ohio state court asserting, *inter alia,* a state law sexual harassment claim against Delphi, a breach of fair representation claim against his union, and a conspiracy to inflict emotional distress claim against various coworkers and union representatives. His wife also sued for loss of consortium. Delphi re-

moved to federal court under § 301 of the Labor–Management Relations Act.

The district court granted Delphi summary judgment on the sexual harassment claim, finding that Delphi had adequately responded when Greenwood eventually asked Delphi for help. Additionally, with all the direct claims against Delphi dismissed, the district court granted summary judgment on the derivative loss of consortium claim.

## Standard of Review

We review the district court's grant of summary judgment de novo. *Lautermilch v. Findlay City Schools,* 314 F.3d 271, 274 (6th Cir.2003), viewing the evidence in the light most favorable to Greenwood. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## Applicable law

Greenwood alleged "hostile environment" sexual harassment under Ohio Rev. Code § 4112.02, "i.e., harassment that, while not affecting economic benefits, has the purpose or effect of creating a hostile or abusive working environment." *Hampel v. Food Ingredients Specialties,* 89 Ohio St.3d 169, 729 N.E.2d 726, 732 (Ohio 2000). Employer liability based on co-worker harassment is not derivative, but rather depends on the employer's own acts or omissions. *Blankenship v. Parke Care Centers,* 123 F.3d 868, 873 (6th Cir.1997).[1] The employer's act of discrimination "is not the harassment, but rather the inappropriate response to the charges of harassment." *Id.* A "coworker" hostile-environment claim requires Greenwood to show that (1) the harassment was unwel-

---

1. Federal case law interpreting Title VII of the Civil Rights Act of 1964 is generally applicable to cases involving alleged violations of Ohio Rev.Code § 4112. *Hampel,* 729 N.E.2d at 731.

come, (2) the harassment was based on sex, (3) the harassing conduct was sufficiently severe or pervasive to affect the "terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment," and (4) the employer knew or should have known of the harassment and failed to take immediate and appropriate corrective action. *Hampel*, 729 N.E.2d at 732–33.

Because the district court found a material dispute on the first three elements, Greenwood's appeal focuses on the fourth element—whether Delphi took appropriate corrective action.

## Analysis

### 1) Delphi's response

Delphi's response is generally adequate if it is reasonably calculated to end the harassment. *Jackson v. Quanex Corp.*, 191 F.3d 647, 663 (6th Cir.1999). All that is required is "good-faith remedial action." *Blankenship*, 123 F.3d at 873.

Greenwood first contends that Delphi had *no* sexual harassment policy. This argument is without merit. Greenwood admitted that a harassment policy was posted at the entrances and that he understood the steps it listed to deal with a harassment problem.

■ Next, Greenwood generally denounces the adequacy of Delphi's response to his sexual harassment complaints. Greenwood complains that Delphi's response was slow and inadequate. This argument also fails. Two of his supervisors, Burton and Riegle, monitored the situation. Riegle asked Greenwood every night how the situation was. Greenwood further testified that they would come to the crib upon his request and observe any problems. The immediate problem stopped once they arrived. Additionally, Greenwood testified that he had a forty-five minute meeting with Delphi's human relations union representative Seege, who, after taking Greenwood's complaints, set up a meeting. Given this response, we find Delphi was not deliberately indifferent.

Greenwood last complains that the meeting on December 10 resembled a "circus" where he was allowed to make an opening statement, but then the meeting focused on what Long and Engleman had to say. However, after the meeting no further sexual harassment occurred.

In sum, all of Greenwood's arguments portray at most mere "negligence in the fashioning of a remedy." *Id.* Given the monitoring by the supervisors, the interview by Seege, and the meeting that resolved the problem, Delphi's remedy was not "so inadequate and inappropriate" as to "display an attitude of permissiveness." *See Gwen v. Regional Transit Authority*, 7 Fed.Appx. 496, 497 (6th Cir.2001) (unpublished); *accord Blankenship*, 123 F.3d at 873. We affirm the summary judgment on his sexual harassment claim.

### 2) Other claims

■ Greenwood's additional assignments of error regarding his emotional distress claim and his wife's loss of consortium claim are without merit. Regarding the emotional distress claim, the district court correctly found that Greenwood failed to name Delphi in this count. Moreover, the loss of consortium claim cannot survive the dismissal of all the other tort claims. *Schaefer v. Allstate Ins. Co.*, 76 Ohio St.3d 553, 668 N.E.2d 913, 916–17 (Ohio 1996), *superceded in non-relevant part by* Ohio Rev.Code § 3937.18; *Lynn v. Allied Corp.*, 41 Ohio App.3d 392, 536 N.E.2d 25, 36 (Ohio Ct.App.1987).

AFFIRMED.