BLOHM ET AL., APPELLEES, *v.* CINCINNATI INSURANCE COMPANY, APPELLANT.

[Cite as Blohm *v.* Cincinnati Ins. Co. (1988), 39 Ohio St. 3d 63.]

(No. 87-1189—Submitted May 25, 1988—Decided October 5, 1988.)

*Schnorf & Bruno, Brandon G. Schnorf, Jr.* and *Kevin M. Ferguson,* for appellees.

*Manahan, Pietrykowski, Bamman & DeLaney* and *Cormac B. DeLaney,* for appellant.

LOCHER, J. The sole issue before this court is whether the language of the endorsement in question is so ambiguous and incomplete as to require that the insurance policy be construed against the insurer. Because we find that the language of the endorsement is clear and unambiguous, we reverse the judgment of the court of appeals.

Appellant contends that an offering of optional insurance coverage need only describe the coverage in succinct terms with plain and ordinary meaning, and that the courts below erred in concluding that the language of the endorsement did not comply with the requirements of R.C. 3937.181(B) and Ohio Adm. Code 3901-1-39. Appellees argue that the offering in the endorsement did not meet those requirements, and that, as a result, the endorsement was ambiguous and incomplete.

At the time that Blohm renewed the automobile insurance policy, R.C. 3937.181 provided in part as follows:

"(A) As used in this section, 'underinsured motorist coverage' means coverage in an automobile or motor vehicle liability policy protecting an insured against loss for bodily injury, sickness, or disease, including death, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are insufficient to pay the loss up to the insured's uninsured motorist coverage limits.

"(B) Each automobile liability or motor vehicle liability insurance company that provides uninsured motorist coverage under section 3937.18 of the Revised Code shall offer underinsured motorist coverage as optional protection, up to the limits of the uninsured motorist coverage, to each applicant for new automobile or motor vehicle liability insurance and to each named insured policyholder at the time of the first policy renewal after September 1, 1980, if underinsured motorist coverage is not in force or has not been previously offered.

"*Each such insurance company shall provide information, prescribed by the superintendent of insurance, as to the type and cost of protection available under underinsured motorist*

*coverage and permit such applicants and renewal policyholders to exercise the option to purchase such coverage.* Insurance companies shall not be required to obtain or retain written rejections of such coverage. * * *"[1] (Emphasis added.)

Effective January 16, 1981, the Superintendent of Insurance promulgated Ohio Adm. Code 3901-1-39, which states in relevant part that:

"(A) Purpose

"This rule requires insurers to offer underinsured motorist coverage.

"(B) Scope

"This rule applies to all insurers licensed to do business in the state of Ohio who write motor vehicle liability policies and do not include in their uninsured motorist coverage, underinsured motorist coverage as defined in paragraph (C) below. The limit of underinsured motorist coverage where it is offered and purchased as a separate coverage shall be the limit of the uninsured motorist coverage.

"(C) Definition

" 'Underinsured motorist coverage' means coverage in an automobile or motor vehicle liability policy protecting an insured against loss for bodily injury, sickness, or disease, including death, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are insufficient to pay the loss up to the insured's uninsured motorist coverage limits. This coverage is the difference of the insured's own limit of underinsurance coverage and the limits available from any other policy or bond from any persons liable to the insured. Insurers may use equivalent definitional language, in layman's terms, for use in advertising, brochures, or related material.

"(D) Duties of Insurer

*"Every insurer that offers underinsured motorist coverage at a separate premium charge shall provide to each applicant at the time of the initial application, or to each policyholder existing after September 1, 1980, at the time of the first policy renewal following said date, a written statement describing underinsured motorist coverage, including: that such coverage is optional; the premium charge therefore [sic]; and that the underinsured coverage must be purchased along with uninsured motorist coverage in an amount equal to the limits of uninsured motorist coverage.* * * *" (Emphasis added.)

The renewal notice sent to Blohm by appellant in November 1981 consisted of a declarations sheet showing the policy coverages and premium amounts, the contractual terms of the policy, a two-page endorsement amending the policy, and a half-page endorsement concerning the offer of underinsured motorist coverage. The endorsement in question, Endorsement CA-1022-A, reads as follows:

"UNDERINSURED MOTORIST
OPTION

"The Revised Insurance Code of Ohio requires that you be advised that Underinsured Motorist Coverage is *available.* Underinsured Motorist [C]overage applies when all bodily injury liability limits that are available to you as a result of a loss are insufficient. This coverage is *optional,* but when purchased must be purchased in limits equal to Uninsured Motorist Coverage.

"The additional charge for each of

---

[1] R.C. 3937.181 was repealed effective June 23, 1982. R.C. 3937.18 was amended and now requires an insurer to offer underinsured motorist coverage.

your automobiles for underinsured motorists is as follows:

| "Limit | Add'l Premium Per Auto |
|---|---|
| 12.5/25 | 1 |
| 15/30 | 2 |
| 25/50 | 7 |
| 50/100 | 11 |
| 100/300 | 16 |

"For additional information, contact your insurance agent." (Emphasis added.)

We find that the language of the endorsement fully complies with the requirements of Ohio Adm. Code 3901-1-39 and R.C. 3937.181. Appellant's description of underinsured motorist coverage contains each of the items required by the rule: the fact that such coverage was optional, the premium charges therefor, and the fact that the underinsured motorist coverage must be purchased in an amount equal to the limits of the policy's uninsured motorist coverage. While the endorsement's description of underinsured motorist coverage could have been more specific, this court has never required an insurer to explain in detail every sentence of an insurance contract. See, e.g., Hedrick v. Motorists Mut. Ins. Co. (1986), 22 Ohio St. 3d 42, 44, 22 OBR 63, 65, 488 N.E. 2d 840, 842. Such a requirement would obviously be unduly burdensome. Id. Furthermore, neither R.C. 3937.181 (B) nor Ohio Adm. Code 3901-1-39(D) required that an insurer define underinsured motorist coverage the same as set forth in Ohio Adm. Code 3901-1-39 (C).

Generally, this court has held that where the meaning of language used in a contract of insurance is doubtful, uncertain or ambiguous, the language will be construed strictly against the insurer and liberally in favor of the insured. See, e.g., Faruque v. Provident Life & Acc. Ins. Co. (1987), 31 Ohio St. 3d 34, 31 OBR 83, 508 N.E. 2d 949; Travelers Indemn. Co. v. Reddick (1974), 37 Ohio St. 2d 119, 66 O.O. 2d 259, 308 N.E. 2d 454; Munchick v. Fid. & Cas. Co. of New York (1965), 2 Ohio St. 2d 303, 31 O.O. 2d 569, 209 N.E. 2d 167.

Conversely, this court has held that "[w]hen words used in a policy of insurance have a plain and ordinary meaning, it is neither necessary nor permissible to resort to construction unless the plain meaning would lead to an absurd result. * * *" (Citations omitted.) Olmstead v. Lumbermens Mut. Ins. Co. (1970), 22 Ohio St. 2d 212, 216, 51 O.O. 2d 285, 288, 259 N.E. 2d 123, 126. See, also, Travelers Indemn. Co., supra.

In our opinion, it is clear that the language of Endorsement CA-1022-A is unambiguous and consequently in no need of construction. The courts below erred in construing the policy to provide underinsured motorist coverage for appellees.

We therefore reverse the judgment of the court of appeals.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.