OPINION
Plaintiffs Carl H. and Karen L. Rutter appeal a judgment of the Court of Common Pleas of Muskingum County, Ohio, which found the contract of insurance between plaintiffs and defendant Nationwide Mutual Fire Insurance Company was clear and unambiguous, and required defendant to pay ten percent of the total personal property loss to plaintiffs, rather than the full amount. Appellants assign three errors to the trial court:
ASSIGNMENTS OF ERROR
 FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS APPLICATION OF THE FACTS IN THIS CASE TO THE INSURANCE CONTRACT CREATED BY THE APPELLANT.
 SECOND ASSIGNMENT OF ERROR
 THE FAILURE OF DEFENDANT-APPELLEE'S AGENT TO INSPECT THE PREMISES CONSTITUTES WAIVER BY THE DEFENDANT-APPELLEE AND THE DEFENDANT-APPELLEE CANNOT NOW COME AND RESTRICT THE COVERAGE.
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT FAILED TO FOLLOW THE APPLICABLE RULES OF CONSTRUCTION OF INSURANCE CONTRACTS IN OHIO WHEN THERE ARE CONTRADICTING PROVISIONS.
The parties stipulated to certain facts and submitted the matter to the court. It appears undisputed appellants were covered by a policy of insurance on January 25, 1994, when a fire destroyed a garage and plaintiff's personal property. The garage was located on land originally owned by appellant Karen Rutter's father, and was adjacent to the lot on which appellant's home was located. Appellants had helped to build the garage on the father's property, and had used the garage as a workshop and for storage of their personal property, tractor, and other vehicles for some ten years. On May 13, 1993, appellant Karen Rutter's father died. His will made her executor of the estate. Appellant's father left her step-mother a life estate in the property in question, with appellant Karen Rutter as remainderman and trustee. Appellant Karen Rutter as trustee for her father's estate purchased insurance on the outbuildings on the estate property but did not procure coverage on the contents. At the time of the fire, appellant's step-mother was still alive, but she has since died.
Appellants submitted proper proof of loss in the amount of $42,000.00, the value of the personal property loss in the fire at the garage. The contract of insurance insured the appellants for loss of personal property to the extent of $35,500.00. The policy listed the residence premises of the insured as 3806 Chandlersville Road, and the court found the address where the personal property was kept and stored was 3804 Chandlersville Road. The policy of insurance provided partial coverage of ten percent on any loss of personal property kept away from the residence premises. The court found appellants never used 3804 Chandlersville Road as a residence under the terms of the policy.
 I
Appellants argue appellant Karen Rutter was the equitable owner of the real estate and the structure that was destroyed in the fire of January 25, 1994.
Section Coverage C-Personal Property of the Nationwide policy specifies a limit of liability for personal property away from the residence premises as ten percent of the limit of the liability for Coverage C or $100,000.00, whichever is greater. As appellee points out, under the contract, the obligation of the insurance company for damaged personal property depends upon where the personal property is located at the time of loss. Although appellants are correct in asserting they held an equitable interest in the real estate, which was adjacent to their residence at the time of the loss, nevertheless this property does not meet the definition of residence premises. Here, it is clear there are two separate parcels of property, and the insurance contract with appellee covers appellant's residence and out buildings, but not buildings built on the parcel of land next door, regardless of how close to appellants' residence they may be.
We find the trial court was correct in finding the policy language was clear and unambiguous with regard to the obligations of the insurance company for loss to appellants' property.
The first assignment of error is overruled.
 II
Next, appellants argue appellee's agent never inspected the premises to determine where the property lines ran, and never explained the policy language to appellants. For this reason, appellants argue appellee cannot now restrict the coverage it sold to them for their property.
Appellants cite no legal authority for the proposition that an insurance company must explain the policy language and inspect personal property before issuing a policy.
The second assignment of error is overruled.
 III
Finally, appellants argue the contract language is ambiguous, and susceptible of more than one meaning. Where language in a contract of insurance is ambiguous, the language must be strictly construed in favor of the insured and against the insurer, Blohmv. Cincinnati Insurance Company (1988), 39 Ohio St.3d 63.
The trial court found the policy language was clear and unambiguous, and under the language, the personal property which appellants lost was only covered to the extent of ten percent. We agree with the trial court the language is not ambiguous or uncertain. Accordingly, we conclude the trial court properly followed the applicable rules of construction of insurance contracts.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
By Gwin, J., Farmer, P.J., and Wise, J., concur