DECISION
On December 12, 1996, Warren Greiner, Jr., was involved in an automobile accident due to the negligence of Benjamin A. Timm, an uninsured motorist. As a result of the accident, Greiner received severe injuries. Appellants, Greiner and his wife, Bridget Greiner, filed an action in the Franklin County Court of Common Pleas against appellees, Timm and Motorists Mutual Insurance Company ("Motorists"), the insurance carrier of the Greiners, on an uninsured motorist claim. Motorists filed a counterclaim seeking a declaratory judgment that the insurance policy limited the Greiners' recovery to $100,000.
The Motorist policy provided uninsured motorist coverage with limits of $100,000 per person and a total of $300,000 per accident. Warren and Bridget filed separate claims with Motorists for monetary damages based upon the uninsured coverage provisions of the policy. Motorists paid Warren $100,000, but denied further compensation to Bridget on her claim for loss of services and consortium and emotional distress. Warren dismissed his claim against Motorists. The parties filed motions for summary judgment.
Motorists claims that its liability under the policy is limited to $100,000 per injured person and, since it has paid the policy limits to Warren, it has no further liability under the policy. The policy contains "split limit" uninsured motorists coverage which limits the liability for each accident to the claims arising from the bodily injury of each person. Thus, any derivative claims are consolidated to the per-person limit. Appellants contend that Ohio law requires Bridget's injury to be treated separately from any claim filed by Warren. The trial court granted Motorists' motion for summary judgment and appellants have filed a notice of appeal, raising the following assignments of error:
 1. The Trial Court committed reversible [error] in granting the Motion for Summary Judgment of Appellee Motorists Mutual Insurance Company, as the "split limit" restriction of uninsured motorist coverage was unenforceable as a matter of law.
 2. The Trial Court committed reversible [error] in granting the Motion for Summary Judgment of Appellee Motorists Mutual Insurance Company Shaker [sic], as the language limiting the provision of uninsured motorist coverage was ambiguous and not conspicuously displayed within the contract.
By the first assignment of error, appellants contend that the trial court erred in granting Motorists' summary judgment motion based upon the "split limit" provision in the policy. In order to grant a motion for summary judgment, the court must find that, construing the evidence most strongly in favor of the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.Harless v. Willlis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made. Williams v. First United Church of Christ (1974), 37 Ohio St.2d 150,151.
The Declarations page, the first page in the contract, provides:
COVERAGE AND LIMIT OF LIABILITY
COVERAGE IS PROVIDED WHERE `INCL' OR A PREMIUM IS SHOWN
LIABILITY EACH PERSON EACH ACCIDENT
***
UNINSURED MOTORISTS BI 100,000 300,000
(Exhibit A, p. 1.) An addendum to the policy provides:
 THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
 UNINSURED MOTORISTS COVERAGE — OHIO
 Part C — Uninsured Motorists Coverage is replaced by the following:
 INSURING AGREEMENT
 A. We will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:
 1. Sustained by an insured; and
2. Caused by an accident.
(Emphasis in original. Exhibit A, p. 13.) The Addendum continues:
LIMIT OF LIABILITY
 A. The Limit of Liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:
 1. Insureds;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.
(Emphasis in original. Exhibit A, p. 14.) Finally, the split limit provision is provided on the last page of the document, as follows:
SPLIT LIMIT UNINSURED MOTORISTS COVERAGE
 When a limit of liability is shown in the Declarations for "each person" and "each accident," the first paragraph of the Limit of Liability provision for Uninsured Motorists Coverage is replaced by the following:
 The limit of liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages including damages for care, loss of services or death, arising out of bodily injury sustained by any one person in any one accident. Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for uninsured Motorists Coverage is the maximum limit of liability for all damages for bodily injury resulting from any one accident. This is the most we will pay regardless of the number of:
 1. Insureds;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.
(Emphasis in original. Exhibit A, p. 15.)
Motorists argues that the policy limiting damages to the injured insured person is specifically permitted by R.C.3937.18(H), as enacted by Am.Sub.S.B. No. 20, which provides, as follows:
 (H) Any automobile liability *** policy of insurance that includes [uninsured motorists coverage] and that provides a limit of coverage for payment for damages for bodily injury, *** sustained by any one person in any one automobile accident, may, *** include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, *** sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident.
Appellants have not argued that R.C. 3937.18(H) is unconstitutional.
Appellants cite Schaefer v. Allstate Ins. Co. (1996),76 Ohio St.3d 553, to support their argument that Bridget's claim for loss of consortium is separate and distinct from the claim for personal injuries of her husband. In the syllabus of Schaefer, the Supreme Court of Ohio determined that a loss of consortium claim of the spouse of the injured party was entitled to a separate per-person policy limit despite language in the policy consolidating such claims into a single per-person limit. In the syllabus, the court held:
 Each person who is covered by an uninsured motorist policy and who is asserting a claim for loss of consortium has a separate claim subject to a separate per person policy limit. A provision in an insurance policy which reaches a contrary result is unenforceable. ***
Schaefer applied the logic of Savoie v. Grange Mut. Ins. Co.
(1993), 67 Ohio St.3d 500, to loss of consortium claims and found that language in insurance policies that attempt to consolidate separate claims to the single per-person limit were against public policy.
Appellants argue that, since Schaefer was decided in September 1996, and R.C. 3937.18(H), as enacted by Am.Sub.S.B. No. 20 was effective in October 1994, Schaefer is controlling. However, in the syllabus of Ross v. Farmers Ins. Group of Cos.
(1998), 82 Ohio St.3d 281, syllabus, the court stated:
 For purposes of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties.
Appellants and Motorists entered into the contract in July 1995, covering July 12, 1995 to January 12, 1996. Both parties agree that the contract was renewed by the parties for successive six-month renewal periods. Therefore, July 12, 1996 was the date of the renewal covering the period of this accident and the contract date is controlled by R.C. 3937.18.
Subsequent to the trial court's decision in this matter, the Supreme Court decided Moore v. State Auto. Mut. Ins. Co.
(2000), 88 Ohio St.3d 27. In the syllabus of Moore, the court held:
 R.C. 3937.18(A)(1), as amended by Am.Sub.S.B. No. 20, does not permit an insurer to limit uninsured motorist coverage in such a way that an insured must suffer bodily injury, sickness, or disease in order to recover damages from the insurer.
In Moore, the named insured, Mrs. Moore, filed an uninsured motorist claim against her insurance carrier, State Auto, seeking to recover damages, pursuant to R.C. 2125.02, following the wrongful death of her son. The court found that R.C. 3937.18(A)(1) was ambiguous as to whether a provision in an insurance policy could limit coverage to accidents in which the named insured was the individual who had suffered bodily injury. In interpreting R.C. 3937.18(A)(1), the court concluded that, in keeping with the purposes of uninsured motorist coverage, the named insured need not suffer a bodily injury but could pursue an uninsured motorist claim, in Moore a wrongful death claim, in which she was legally entitled to recover damages.
In this case, appellee does not deny that Bridget is a named insured on the policy and, but for payment of the policy limits to Warren, should be entitled to recover damages.
This court has already recognized that the purpose of Am.Sub.S.B. No. 20 was to legislatively overrule Savoie, including its prohibition against insurers consolidating claims arising out of a single bodily injury to the single per-person limit. Thus, this court determined that Schaefer, by implication as an extension of Savoie, was overruled by Am.Sub.S.B. No. 20. SeeStephenson v. Grange Mut. Cas. Co. (Nov. 4, 1999), Franklin App. No. 98AP-1596, unreported, at 5-6.
Admittedly, the majority in Moore cited Schaefer, but it was for the discussion in Schaefer as to the purpose of uninsured motorist insurance. The court in Moore was not required to address the impact of R.C. 3837.18(H) and specifically the expressed legislative intent to overrule Savoie which formed the predicate for Schaefer. We grant there is merit to the dissent's position that the policy behind Moore may be applicable herein; however, given the present state of the law, we decline to follow it. Appellant's reliance on Schaefer is misplaced, and appellant's first assignment of error is not well taken.
By the second assignment of error, appellants contend that the trial court erred in granting Motorists' motion for summary judgment because the language limiting the provision of uninsured motorist coverage was ambiguous and not conspicuously displayed within the contract.
The court, in Santana v. Auto Owners Ins. Co. (1993),91 Ohio App.3d 490, 494, motions to certify and consolidate overruled (1993), 67 Ohio St.3d 1456, addressed the rules of interpretation regarding insurance policies as follows:
 "`The first general maxim of interpretation *** is, that it is not allowable to interpret what has no need of interpretation.'" Lawler v. Burt (1857), 7 Ohio St.3d 340, 350. If a term is clear and unambiguous, "*** this court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties." Alexander v. Buckeye Pipe Line Co.
(1978), 53 Ohio St.2d 241m 246 ***. In the absence of ambiguity, therefore, the terms of the policy must be simply applied "`*** according to its terms without engaging in construction ***.'" Hartford Ins. Co. v. Occidental Fire Cas. Co. (C.A.7, 1990), 908 F.2d 235, 238, quoting Arkwright-Boston Mfrs. v. Wausau Paper Mills Co. (C.A.7, 1987), 818 F.2d 591, 594.
The court continued and stated that the test for determining whether language in an insurance policy is ambiguous is "`reasonably susceptible of more than one interpretation.'" Id., quoting King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus. In making the determination of whether language is ambiguous, courts must generally give words and phrases their "plain, ordinary, natural or commonly accepted meaning." Id., citing Gomolka v. State Auto. Mut. Ins. Co. (1982), 70 Ohio St.2d 166,167-168.
Where the language in an insurance policy is ambiguous, it will be liberally construed in favor of the insured and strictly against the insurer who drafted the policy. Blohm v.Cincinnati Ins. Co. (1988), 39 Ohio St.3d 63, 66. When determining if an insurance policy is ambiguous, the words of the policy must be given the ordinary meaning they would have to the average consumer. Thomas v. Rittner (Oct. 7, 1999), Franklin App. No. 99AP-136, unreported, citing Enyart v. Nationwide Mut. Ins.Co. (Dec. 15, 1994), Cuyahoga App. No. 66403, unreported.
Appellants argue that the split limit provision directly conflicts with the language quoted above from the section of the policy entitled "LIMIT OF LIABILITY." Appellants argue that, based upon the "LIMIT OF LIABILITY" language, it is reasonable to believe Bridget would be entitled to the per-person limit of liability as she was an insured who is legally entitled to recover from the owner or operator of an uninsured motorist vehicle because of bodily injury (1) sustained by an insured, and (2) caused by an accident. She then argues that, when the split limit provision is compared to the "LIMIT OF LIABILITY" provision, the meaning of the contract is unclear.
Appellant's argument is without merit. The first sentence in the split limit provision clearly states that it is intended to replace the earlier limit of liability. When one section replaces another, there cannot be an ambiguity. In a similar case, Cicco v. Stockmaster (Dec. 4, 1998), Huron App. No. H-98-016, unreported, the Sixth District Court of Appeals reached a similar result. In Cicco, Richard Cicco was injured in an accident, and he and his wife filed claims for negligence and loss of consortium. The other driver was insured by Grange Mutual Insurance Company, who settled with Richard. The Ciccos amended their complaint and sought a declaration of rights concerning uninsured/underinsured motorist provisions. The Sixth District Court of Appeals found that the Ciccos could not challenge the constitutionality of R.C. 3937.44, 3937.18(H) and 3937.18(A)(2) because they had not served the Attorney General, a jurisdictional defect under R.C. 2721.12; however, the court also found similar split limit provision in the insurance policy to be unambiguous. As in Cicco, the language employed in this case is clear that all claims, including derivative claims, are confined to the per-person limit arising from bodily injury to one person in one accident. A person of ordinary intelligence and experience should be able to read and understand the terms. Gomolka, at syllabus. The language is not ambiguous.
Appellants also contend that the restriction is not conspicuously displayed. A basic rule of insurance contract interpretation is that exceptions to coverage must be clearly and conspicuously displayed. Lane v. Grange Mut. Cos. (1989), 45 Ohio St.3d 63,65. However, appellants' argument is without merit. The language at the top of the endorsement is in print which is bold and is significantly larger than the rest of the language and informs the reader that the endorsement changes the policy and advises one to read it carefully. When one reads the policy as a whole, the language is clear and conspicuously displayed. Appellants' second assignment of error is not well taken.
For the foregoing reasons, appellants' two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER, J., concurs.
TYACK, J., dissents.