DECISION AND JUDGMENT ENTRY
This appeal from a declaratory judgment action comes before the court on appeal from the Lucas County Court of Common Pleas. Because we conclude that appellees' claim was properly excluded from coverage, we reverse.
On March 19, 1999, William VanZant, a schizophrenic with a lengthy history of mental illness, purchased a firearm from appellees, Standard Loan Office, Inc. and Nicholas D. Koka. On April 21, 1999, VanZant used the firearm to kill his psychiatrist, Dr. Wakil Khan. Thereafter, Dr. Khan's family filed suit alleging that appellees had negligently sold VanZant the firearm in violation of federal and state law. Appellees filed a claim with their insurer, appellant Scottsdale Surplus Lines Insurance Company, seeking representation and possible compensation pursuant to the liability coverage of their policy. Appellant denied the claim stating that the claim was excluded pursuant to the products-completed operations hazard clause. On December 13, 2000, appellees filed a complaint for declaratory judgment against appellant. On April 10, 2001, appellant filed a motion for summary judgment which the trial court denied. The trial court found that appellant was responsible for liability coverage to appellee. Appellant now appeals setting forth the following assignment of error:
 "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY DECLARING THAT THERE WAS LIABILITY INSURANCE COVERAGE FOR THE UNDERLYING CLAIMS, WHICH BY POLICY DEFINITION, WERE CLAIMS WITHIN THE `PRODUCTS-COMPLETED OPERATIONS HAZARD', FOR WHICH NO PREMIUMS HAD BEEN PAID AND FOR WHICH COVERAGE WAS ACCORDINGLY EXCLUDED."
The policy at issue excluded coverage for bodily injury included within the "products-completed operations hazard." The "products-completed operations hazard" section of the policy states that it includes:
 "a. * * * all `bodily injury' and `property damage' occurring away from premises you own or rent and arising out of `your product' * * *"
The definition of "your product" includes goods sold by the insured.
Appellants contend that because the "bodily injury" to Dr. Wakhil Khan occurred away from Standard Loan's premises, appellees are not entitled to coverage pursuant to the language of the policy. Appellees contend that under Ohio Law, exclusions under a "products-completed operations hazard" clause apply only to defective products. In support, appellees cite Lessak v. Metropolitan Cas. Ins. Co. (1958), 168 Ohio St. 153.
In Lessak, the owner of a hardware store sold B-B pellets to a minor for use as ammunition in his B-B gun. The minor, away from the premises of the hardware store, injured another man when discharging his gun. The injured man brought suit against the owner of the hardware store claiming the store unlawfully sold B-B pellets to a minor. The hardware store was insured for "hazards" arising out of the "ownership, maintenance or use, for the purposes stated in the declarations, of the premises, and all operations during the policy period which are necessary or incidental to such purposes." Injuries arising from the sale of defective products were excluded from coverage. The Ohio Supreme Court held that the hardware store was entitled to liability coverage as it was in the operation of the premises that the alleged unlawful sale of the B-B pellets occurred. The insurer argued that "hazard", as used in the policy, referred only to accidents occurring on the premises. The Ohio Supreme Court dismissed this argument noting: "There is no statement in the policy with reference to the place where the accident occurs, and if the insurance company intended to limit the place of the accident, as well as the incidents of hazard, to the premises of plaintiff, it could easily have so stated in the policy. Id. at 158.
In the present case, coverage is explicitly excluded for injuries occurring away from the insured's premises, arising from goods sold by the insured. Words in an insurance contract must be given their plain and ordinary meaning, and only where the words of a contract of insurance are ambiguous and therefore susceptible to more than one meaning, must the policy be construed in favor of the party seeking coverage. Blohm v.Cincinnati Ins. Co. (1988), 39 Ohio St.3d 63, 66. If the words of an insurance contract are plain and unambiguous, it is neither necessary nor permissible for a court to resort to construction unless the plain meaning would lead to an absurd result. Id. Based on the policy at issue, appellees were not entitled to liability coverage from appellant for the injuries sustained by Dr. Wakil Khan as a result of appellees' sale of a firearm to William VanZant. Appellant's sole assignment of error is found well-taken.
On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Common Pleas Court is reversed. Costs assessed to appellees.
JUDGMENT REVERSED.
Melvin L. Resnick, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.