OPINION
Plaintiffs-Appellants, Natalie L. Lippert and Bryan D. Lippert (hereinafter collectively referred to as "Appellants"), bring this appeal from a summary judgment decision in favor of Defendants-Appellees Glen L. Peace and Allstate Insurance Company (hereinafter collectively referred to as "Appellees") in the Common Pleas Court of Hancock County, Ohio. For the reasons set forth in the following opinion, we affirm the trial court's judgment.
The facts in this matter are generally undisputed. On August 26, 1996, Appellant Natalie Lippert ("Natalie") was involved in a car accident with Appellee Glen Peace ("Peace") in Hancock County, Ohio. Natalie's husband, Appellant Bryan Lippert ("Bryan"), was not present in the vehicle at the time of the accident.
Peace was insured by Progressive Insurance Company ("Progressive"), with liability limits of $12,500 "per person" and $25,000 "per accident." Appellants maintained a policy of uninsured/underinsured motorist coverage through Appellee Allstate Insurance Company ("Allstate"), with liability limits of $50,000 "per person" and $100,000 "per accident." Peace was an underinsured motorist.
Allstate agreed to settle Natalie's claims under the terms of Appellants' underinsured coverage for $37,500, representing the entire "per person" limit of $50,000, which was offset by tortfeasor Peace's liability limit of $12,500 through Progressive.
Bryan sought coverage for his loss of consortium and companionship claim, alleging that the Allstate policy afforded him separate "per person" coverage up to $50,000. Both Progressive and Allstate have denied Bryan's claim, alleging that his claim is subject to the single "per person" policy limit of Natalie.
The relevant language in the Progressive policy is as follows:
 The bodily injury limit for "each person" includes the aggregate of claims made for such bodily injury and claims derived from such bodily injury, including, but not limited to, loss of society, loss of companionship, loss of service, loss of consortium, and wrongful death.
The relevant language in the Allstate policy is as follows:
 Regardless of the number of insured autos under this coverage, the specific amount shown on the Policy Declarations for:
 1. "each person" is the maximum that we will pay for damages arising out of bodily injury to one person in any one motor vehicle accident, including damages sustained by anyone else as a result of that bodily injury.
 On September 25, 1998, the trial court granted Appellees' summary judgment motions, ruling that Bryan was not entitled to separate "per person" limits under the policy. This court affirmed the decision of the trial court on April 23, 1999. On June 9, 2000, the Ohio Supreme Court vacated the decision and remanded this matter to the trial court for further proceedings consistent with its decisions in Wolfe v. Wolfe
(2000), 88 Ohio St.3d 246, and Moore v. State Auto Mut. Ins. Co. (2000), 88 Ohio St.3d 27.
The parties agreed that this matter would be resubmitted to the trial court for determination by way of motion for summary judgment. On September 29, 2000, Allstate filed a motion for summary judgment, which the trial court granted on December 1, 2000. This timely appeal followed.
Appellants present the following single assignment of error:
The trial court erred in granting summary judgment to Appellee.
In considering an appeal from a summary judgment, we review the summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. Instead, we apply the same standard for summary judgment used by the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co.
(1988), 42 Ohio App.3d 6, 8.
Summary judgment is appropriate when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995),73 Ohio St.3d 679, 686-687.
In order to make such a showing, the burden lies with the movant to inform the trial court of the basis for the motion and identify the portions of the record, including the pleadings and discovery, which demonstrate the absence of a genuine issue of material fact. Dresherv. Burt (1996), 75 Ohio St.3d 280, 293. Once the movant has satisfied this burden, the burden shifts to the nonmovant to set forth specific facts demonstrating that a genuine issue of fact indeed exists for trial. Id.
We should note from the onset that Appellants concede that while the Supreme Court's holding in Wolfe may apply, it would not have an impact on the outcome of the trial court's decision. As such, we will limit our scope of inquiry to an analysis of Moore in the context of Appellants' claim.
Appellants contend that Bryan was entitled to a separate claim for loss of consortium subject to a separate "per person" policy limit under the uninsured/underinsured motorist provisions of their automobile insurance policy with Allstate. Appellants further state that Moore not only applies to the case at hand, but that it also alters the outcome of the trial court's decision in this matter. We disagree.
In Moore, the appellant, who was the mother of the decedent, who was not involved in the auto accident which killed the decedent, and who did not sustain bodily injury from the accident, was a named insured on the appellee's auto liability insurance policy, which provided uninsured motorist coverage. Moore, supra, at 27. At the time of the accident, the decedent was not a named insured in the appellant's policy, was not a resident of the appellant's household, and did not occupy a vehicle covered by the appellant's policy. Id.
The appellant filed an uninsured motorist claim for damages arising from the death of her son. Id. The Ohio Supreme Court spent considerable time discussing the evolution of R.C. 3937.18. Specifically, the Supreme Court examined the present version of R.C.3937.18 and determined that the language of R.C. 3937.18(A) was "ambiguous regarding whether an insurer may limit uninsured motorist coverage to accidents in which an insured sustains bodily injury." Id.
at 31. As a result, the Supreme Court attempted to determine the intent of the legislature in enacting R.C. 3937.18(A), concluding that there was nothing to suggest that the amendments to R.C. 3937.18(A) were intended to supercede Sexton v. State Farm Mut. Auto. Ins. Co. (1982),69 Ohio St.2d 431, which held that an insurance policy's restrictions attempting to limit coverage to insureds suffering bodily injuries are void since they result in less than the minimum amount of uninsured motorist coverage provided in R.C. 3937.18. Id.; Sexton, supra, at 436-437.
In Justice v. State Farm Ins. Co. (Oct. 18, 2000), Licking App. No. 2000CA29, unreported, the Fifth District Court of Appeals engaged in a detailed analysis of Moore in the context of insurers' limiting multiple beneficiaries who each allege to have an independent claim in the event of a single accident.
In Justice, the court found that the General Assembly had amended R.C.3937.18 in response to Sexton, as well as Savoie v. Grange Mut. Ins.Co. (1993), 67 Ohio St.3d 500, in which the Ohio Supreme Court held:
 [E]ach person who is presumed to have been damaged as a result of a wrongful death, to the extent of his or her damages, may collect from the tortfeasor's liability policy up to its per person limits subject to any per accident limit. Liability policy provisions which purport to consolidate wrongful death damages suffered by individuals are unenforceable because they directly violate the policy expressed by the General Assembly and this court. Id. at 504.
In particular, the Justice court noted that language added to R.C. 3937.18
specifically authorized insurers to incorporate policy language restricting bodily injury and wrongful death claims to a single person limit. Justice, supra, at *2. This language, found in R.C. 3937.18(H), states:
 Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section or selected in accordance with division (C) of this section and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding Chapter 2125 of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident.
In Justice, the court determined the issue was not whether the appellants could recover, but rather how much they could recover. Id. at *3. The court concluded that while, pursuant to Moore, insurance coverage could not be limited so that the insured had to suffer bodily injury in order to be compensated for damages, Ohio law permits an insurer to consolidate all the claims arising out of a single accident into a single claim under the single limits, as long as the policy language is clear to that extent. Id.; see also Lyles v. Glover (March 27, 2000), Allen App. No. 1-99-104, unreported.
Appellants have also cited Schaefer v. Allstate Ins. Co. (1996),76 Ohio St.3d 553, which held, in relevant part:
 [E]ach person who is covered by an uninsured motoristpolicy and who is asserting a claim for loss of consortiumhas a separate claim subject to a separate per personpolicy limit. A provision in an insurance policy whichreaches a contrary result is unenforceable. Id. at 558
However, the claim in Schaefer accrued in 1985, while R.C. 3937.18(H) became effective long afterward; therefore, R.C. 3937.18(H) did not apply to the decision in Schaefer. Campbell v. Allstate Ins. Co. (May 19, 2000), Clark App. No. 99CA0065, unreported. If that section had been effective when the Schaefer claim accrued, R.C. 3937.18(H) would have clearly required the merger of the consortium claim with the bodily injury claim. Id. at *4.
In the present case, Appellants claim accrued on August 26, 1996, well after the effective date of R.C. 3937.18(H). This is not a case where Allstate is attempting to limit its policy so that Bryan would have to suffer bodily injury, sickness, or disease in order to recover damages. Rather, after examining the policy language, it is clear that Allstate intended to merge all of the claims arising from Natalie's accident into a single claim. R.C. 3937.18(H) authorizes this, as long as the policy language is clear to that extent. See also, Dicke v. Safeco Ins. Co.
(Dec. 13, 2000), Allen App. No. 1-2000-64, unreported; Stauffer v. StateFarm Ins. Co. (Feb. 7, 2001), Crawford App. No. 3-2000-21, unreported.
 As a result of the foregoing, Appellants' assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellants herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
 ____________________ WALTERS, J.
HADLEY, J., concur.
BRYANT, J., concurs in judgment only.