This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Nationwide Property and Casualty Insurance Company ("Nationwide"), appeals from the decision of the Medina County Court of Common Pleas granting summary judgment in favor of Appellee, Donco Izev ("Izev"). This Court reverses.
The facts of this case were set forth previously in Izev v. NationwideMutual Ins. Co. (Nov. 17, 1999), Summit App. No. 2865-M, unreported, at 1-2, as follows:
 Donco and Zaga Izev are husband and wife. On November 25, 1995, the couple renewed their Nationwide automobile insurance policy with [Nationwide]. The policy provided underinsured motorist coverage with limits of fifty thousand dollars per person and one hundred thousand per accident. On December 17, 1995, Mrs. Izev was injured due to the negligence of an underinsured motorist. With Nationwide's consent, Mrs. Izev recovered from the tortfeasor the limits of that individual's available liability coverage, specifically twenty-five thousand dollars. Nationwide then credited that amount to the fifty thousand per person limit under the underinsured motorist provision of the policy. Nationwide also paid an additional twenty-five thousand to Mrs. Izev to fulfill the policy's limits.
 On July 23, 1997, Mr. and Mrs. Izev filed a complaint for declaratory judgment, alleging that, although Mrs. Izev had been compensated for her injuries to the full extent of her underinsured motorist coverage, Mr. Izev was entitled to a separate per person limit of underinsured motorist coverage for his derivative claim for loss of consortium. In its answer, Nationwide admitted all the material facts as alleged in the complaint. Both parties filed motions for summary judgment and on May 7, 1998, the trial court granted summary judgment in favor of Nationwide. The court found that the Izev's policy and R.C. 3937.18(H), as amended effective October 20, 1994, precluded Mr. Izev's claim for separate underinsured motorist limits to cover his alleged loss of consortium claim. Mr. Izev timely appealed, asserting three assignments of error.
 In that case this Court affirmed, finding that the trial court had correctly interpreted the insurance policy pursuant to R.C. 3937.18(H), which was enacted as part of Am.Sub.S.B. No. 20 ("S.B. 20") on October 20, 1994. Izev appealed to the Supreme Court which vacated this Court's judgment and remanded the cause to the trial court for further proceedings and consideration, where applicable, of the Supreme Court's decisions in Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, and Moore v. State Auto. Mut. Ins. Co. (2000), 88 Ohio St.3d 27.
Upon remand, both parties moved for summary judgment. The trial court granted summary judgment in favor of Izev, finding that pursuant toWolfe, the pre-S.B. 20 version of R.C. 3937.18 applied to the Izev's insurance policy. The trial court held that Nationwide was not entitled to enforce its single per person limit of underinsured motorist coverage for Izev's loss of consortium claim. Nationwide appeals from this judgment raising one assignment of error.
 ASSIGNMENT OF ERROR The trial court erred by granting [Izev's] motion for summary judgment; by declaring that Wolfe v. Wolfe
required it to interpret the policy under the law in effect on July 6, 1994, (prior to the enactment of Senate Bill 20); and, by declaring that [the Izevs] are entitled to a separate "per person" limit of [uninsured/underinsured motorist] coverage for Mr. Izev's loss of consortium claim.
 In its sole assignment of error, Nationwide argues that summary judgment was improper since the trial court erred in applying the pre-S.B. 20 version of R.C. 3937.18 to the Izev's insurance policy. It contends that the post-S.B. 20 version of R.C. 3937.18
applies and results in a finding that Nationwide is entitled to enforce its single per person limit of underinsured motorist coverage. We agree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
 Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. An appellate court's review of a lower court's entry of summary judgment is de novo, and, like the trial court, it must view the facts in the light most favorable to the non-moving party. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id. If the moving party meets this burden of proof, the burden then shifts to the non-moving party, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Id.; Civ.R. 56(E).
The pre-S.B. 20 version of R.C. 3937.18 required insurers to pay uninsured and underinsured coverage to the extent that the injuries of the insured's damages exceeded the amount paid by the tortfeasor. For example, it allowed both an insured sustaining bodily injury and a person asserting a derivative claim for loss of consortium based on that bodily injury to seek separate per person limits of underinsured motorist coverage. Schaefer v. Allstate Ins. Co. (1996), 76 Ohio St.3d 553, syllabus. The passage of S.B. 20 amended R.C. 3937.18 and now permits insurers to limit all claims arising out of a single individual's bodily injury to the per person limit.[1] R.C. 3937.18(H).
In Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, the Supreme Court of Ohio, examined the mandate of R.C. 3937.31(A) that automobile insurance policies must be issued for a guaranteed period of two years. It determined that from the date of initial issuance, an ongoing insurance policy is deemed newly issued at two-year intervals on the anniversary date. Id. at paragraphs one, two and three of the syllabus. Specifically, the Court stated that "the commencement of each policy period mandated by R.C. 3937.31(A) brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy." Id. at paragraph two of the syllabus.
The law to be applied when an accident occurs depends on the law in effect at the beginning of the most recent two-year interval. Id. Therefore, in order to determine whether the provisions of S.B. 20 are applicable to a given case, this Court must determine the original issuance date of the insurance contract and count successive two-year periods from that date. See id. at 250. The legislation would be incorporated into the contract of a new mandatory policy period commenced after the October 20, 1994 effective date. Id.
In the instant case, it is undisputed that the Izev's policy was initially issued on November 25, 1978. Counting successive two-year policy periods from that date, the Izev's last guaranteed policy period would have run from November 25, 1994, to November 25, 1996. The legislature enacted S.B. 20 on October 20, 1994, approximately one month prior to the start of the Izev's two-year guaranteed policy period. Therefore, contrary to the holding of the trial court, the provisions of S.B. 20, which include R.C. 3937.18, as amended, were incorporated into the new contract and Nationwide is entitled to enforce its single per person limit of underinsured motorist coverage for Izev's loss of consortium claim.
Izev argues that the policy under which he and his wife were covered at the time of the accident was issued on July 6, 1994, when he claims that they initiated one of many renewals of their coverage. Izev contends that the renewal invoked a new two-year period of coverage which extended to July 6, 1996, and left the contract unaffected by S.B. 20 and R.C.3937.18(H). However, R.C. 3937.31(A) clearly requires that each new policy period, whether it be attendant to a renewal policy or a new contract of insurance, be offered for at least a two-year period.Wolfe, 88 Ohio St.3d at paragraph one of the syllabus. Thus, Izev's contention that the renewal issued on July 6, 1994, constituted a new contract for insurance is not well-taken and is essentially, irrelevant.
In support of its motion for summary judgment, Nationwide pointed to the provisions of the contract, the provisions of R.C. 3937.18(H), the date of the initial contract of insurance, the date of the accident, and the amount paid out to the Izevs under the policy. Nationwide met its initial Dresher burden, to show that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. Accordingly, we find that summary judgment should not have been granted in favor of Izev. Nationwide's assignment of error is sustained and this case is remanded to the Medina County Court of Common Pleas for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ______________________________________ LYNN C. SLABY
BAIRD, J., CARR, J. CONCUR.
[1] The Izev's insurance policy with Nationwide includes this provision.